[Civil No. 2054. Filed July 21, 1923.]

[216 Pac. 689.]

## L. M. CARRILLO, Appellant, v. MURRAY & LAYNE COMPANY, a Corporation, Appellee.

1. Evidence—Communication from Third Person Admissible to Prove Notice of Transaction Between Plaintiff and That Person.—Testimony of defendant's clerk as to a communication which he received from one H. concerning a transaction between H. and plaintiff was admissible, and not hearsay, when offered to prove that defendant had received notice of such transaction, and not to prove what the transaction was.

2. Evidence—Itemized Statement Admitting Allegations in Part Admissible and not Subject to Account-book Rule.—Where the complaint charged defendant with taking a large amount of goods, defendant's itemized statement admitting the taking of a less amount of goods was admissible, and not subject to the rules relating to books of account.

3. Appeal and Error—Tenor and Form of Judge's Questions to Witness Held not Reversible Error.—The tenor and form of questions put by trial judge and thought by plaintiff to have indicated to the jury that trial judge thought the witness was lying *held* not reversible error, considering the comparatively unimportant character of the information brought forth on direct examination.

4. Contracts—Worry Over Financial Embarrassment will not Ordinarily Deprive One of Contractual Capacity.—Ordinarily worry over an impending attachment and financial embarrassment is not sufficient to produce such a degree of mental incompetency as to deprive one of the power to make a contract.

5. Appeal and Error—No Actual Damage Having Been Found by Jury, Failure to Instruct as to Exemplary Damages Held

---

See 4 C. J., pp. 955, 1043; 22 C. J., pp. 199, 889; 32 C. J., p. 727.

NOT ERROR.—Where the jury found that plaintiff had not suffered any actual damages, the failure to instruct them as to exemplary damages is not error.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. David Benshimol, for Appellant.

Mr. C. V. Manatt, for Appellee.

LYMAN, J.—This action is for the recovery of damages for the conversion of merchandise admitted to have been taken by the defendant from the store-room of plaintiff. Defendant pleads in justification of the taking that it was by agreement with plaintiff for the satisfaction of an admitted indebtedness. Plaintiff was threatened with attachment on account of his indebtedness. The evidence tends to show that another creditor, Sonora Mercantile Company, sought to secure itself, and through its agents, Haymore and Douglas, suggested to plaintiff the satisfaction of both claims by the delivery to the creditors of merchandise, to which plaintiff is said to have assented, and merchandise the subject of this action was taken in consummation of that plan. Verdict and judgment were for defendant.

A number of errors are assigned to the rulings of the trial court. A clerk of the defendant was permitted to tell upon the witness-stand what communication he had received from Haymore concerning plaintiff's willingness to pay his indebtedness to defendant with merchandise. This was objected to on account of lack of evidence of Haymore's agency or right to speak for plaintiff. Haymore and Douglas had already testified that plaintiff had assented to the arrangement. The communication to the clerk was a fact to be established as the basis of defendant's

right to take the goods in question. The fact that defendant had received notice of the talk between plaintiff and Haymore and Douglas was the thing to be proved. The testimony of the clerk that he had received such notice was admissible, not to prove what took place between plaintiff and Haymore and Douglas, but to prove some version of what there occurred had been communicated to defendant. *Argetakis* v. *State,* 24 Ariz. 599, 212 Pac. 372. The testimony of the clerk as to this communication does not come within the rule relating to hearsay testimony. Communication to the defendant was a verbal fact to be proved as any other fact, and it was not error to permit the clerk to give such testimony.

Another assigned error is based upon the admission of defendant's account-book, purporting to contain an itemized list of the goods admitted by defendant to have been taken from plaintiff's store in the transaction which constituted the basis of this action. Defendant was charged with taking goods largely in excess of plaintiff's indebtedness to him. Defendant admitted the taking of goods of a less amount. An admission of the allegations of the complaint, either in whole or in part, is, of course, never objectionable to the plaintiff. So far as the admission goes, it is a recognition and assent to the justness of plaintiff's charge, and is not required to be itemized or particularized. The fact that there was an attempt to itemize it in this case did not subject it to the same rules as the offer of testimony to establish a charge against an opposing party, and the rules of evidence relating to books of account offered in evidence are not applicable.

During the examination of Murgia, the clerk in charge of plaintiff's store at the time defendant took the goods in question, as a witness for plaintiff, he testified that during the removal of the goods he had

been merely a mute and inactive onlooker. He stated in a general way what goods were taken. At the close of plaintiff's examination, the judge asked him if he called the police to interfere, and other questions of like import. The tenor and form of these questions put by the judge is thought by the plaintiff to have indicated to the jury that he thought the witness was lying. Considering the comparatively unimportant character of the information brought forth upon direct examination, it does not seem sufficiently serious to warrant a retrial of the cause.

Another instance of an examination of a witness by the court occurred while one Mischer, a witness for the defendant, was being interrogated concerning the competency of the books of account referred to above. The questions asked by the court were leading in character, and plaintiff thinks tended to indicate to the jury the court's confidence in the witness' integrity. The questions objected to do not seem to us to have the effect attributed to them by counsel.

It is the plaintiff's view that there is no evidence of Haymore's authority to communicate to the defendant any proposition from the plaintiff that the indebtedness might be settled with merchandise. Two witnesses testified to a conversation to that effect between plaintiff and Haymore. The effect of the conversation was properly submitted to the jury.

It is also urged by plaintiff in this connection that at the time of this transaction, plaintiff was so worried and distraught that he was mentally incapable of entering into any agreement. The evidence of such incompetency is found in the statement of Haymore, who said that when he made the proposition of settlement, that plaintiff acceded to it; but that he was so white and scared he could not say much, he could hardly talk. Plaintiff himself says of that circumstance that—

"There was a moment when I was so worried and troubled that I do not know what I did do. I thought I was going to lose myself in ruin. I do not know absolutely what I did."

There is no evidence that the plaintiff was not a normal, capable and efficient business man, nor is there any evidence of any fraud or imposition perpetrated or attempted in negotiations out of which the transaction complained of occurred. Worry over an impending attachment and financial embarrassment is not sufficient ordinarily to produce such a degree of mental incompetency as to deprive one of the power to make a contract.

Upon rebuttal plaintiff offered evidence as to the amount of goods taken by defendant, and was not permitted to do so. We are not able to see how this evidence was properly in rebuttal, and seems to have been rightly excluded.

Finally, it is said the court erred in its instruction to the jury upon the measure of damages. The jury was instructed if they found for the plaintiff to assess damages in the amount of the goods converted. This court has held that it is the duty of the trial court to instruct correctly upon the measure of damages whether requested or not. The jury was instructed that if the verdict were in favor of the plaintiff, it could be only for the amount of the actual value of the goods taken, and could not include any punitive damages. Since we do not find any reversible error committed in the submission of other issues to the jury, the verdict that the plaintiff had not suffered any actual damages makes the correctness of this instruction of no further moment. If the jury could find no actual damages, it could, of course, award no exemplary damages.

The nub of the whole controversy was the transaction between the plaintiff and Haymore and Doug-

las, consisting purely of a question of fact which seems to have been rightly submitted to the jury. The jury having found that issue adversely to the plaintiff, we are bound to assume that the judgment is substantially just. We therefore conclude that there is no error in the case sufficiently serious to warrant a new trial.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.